ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| LUIS GILBERTO GARCÍA<br><br>Parte Recurrido<br><br>V.<br><br>KEVIN JAVIER FIGUEROA IRIZARRY<br><br>Parte Recurrente | TA2026CE00038 | *REVISIÓN JUDICIAL* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br>_____<br>Caso Núm.: FA2025CV00565<br>_____<br>SOBRE:<br>COBRO DE DINERO |

Panel integrado por su presidenta la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

# **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 29 de enero de 2026.

Comparece el Sr. Kevin Javier Figueroa Irizarry (señor Figueroa Irizarry o el peticionario) y solicita la revocación de la *Orden* emitida el 23 de noviembre de 2025 , por el Tribunal de Primera Instancia, Sala Superior de Fajardo, (foro primario o TPI), notificada el 24 de noviembre de 2025.[1] Mediante la *Orden* recurrida el foro primario, declaró *No Ha Lugar* la *Moción de Desestimación* presentada por el señor Figueroa Irizarry al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap.V., R.10.2, en la que este invocó la aplicación de la doctrina de cosa juzgada, y rehusó desestimar la Demanda en cobro de dinero presentada el 5 de junio de 2025, por el Sr. Luis Gilberto García Benítez (señor García Benítez o el recurrido) en contra del peticionario.

---

[1] *Véase* Entrada Núm. 23 de SUMAC TPI en el caso FA2025CV00565.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado por el peticionario.

**-I-**

Procedemos a exponer el tracto procesal pertinente que precede a la presentación del recurso de epígrafe.

El **5 de junio de 2025**, el señor García Benítez presentó *Demanda* en cobro de dinero en contra del peticionario en el caso con designación alfanumérica FA2025CV00565.[2] En síntesis, allí sostuvo que el 20 de agosto de 2020, este, en compañía de quien a tal fecha era su esposa y co-dueña la Sra. Ivonne Vanesa Fragoso, vendieron al señor Figueroa Irizarry un apartamento localizado en el Condominio Las Casitas II dentro del Hotel El Conquistador en Fajardo, Puerto Rico; que como el acuerdo de compraventa fue incumplido por el señor Figueroa Irizarry, el recurrido presentó ante la Sala de Fajardo del Tribunal de Primera Instancia (TPI) el caso civil número FA2021CV00640 y que el 28 de agosto de 2023, el foro primario dictó sentencia a su favor, la cual es final y firme.

En esencia, el señor García Benítez alegó en la Demanda presentada en el caso FA202500565, que con respecto al pago de las cuotas de mantenimiento del apartamento en el Condominio Las Casitas II , el señor Figueroa Irizarry incumplió con su pago desde el mes de abril de 2022 hasta el mes de octubre de 2024 acumulándose $59,375.96 por concepto de cuotas de mantenimiento no pagadas por el señor Figueroa Irizarry para el período durante el cual este, como dueño tuvo,

---

[2] *Véase* Entrada Núm. 1 de SUMAC TPI.

mantuvo, poseyó y usó la propiedad. Señaló además, en la Demanda que el señor Figueroa Irizarry, aquí peticionario no realizó los pagos de las contribuciones sobre la propiedad inmueble para todo período posterior al 20 de agosto de 2020, por lo que las mismas fueron pagadas por el recurrido totalizando la suma de $22,513.43 y que dicha cantidad es una deuda del señor Figueroa Irizarry con el recurrido.

Finalmente, el recurrido alegó que todas las sumas reclamadas son cantidades vencidas, líquidas y no satisfechas, y solicitó la imposición del pago de intereses sobre dichas sumas. De otra parte, el recurrido arguyó en la Demanda que el peticionario incurrió en temeridad al tener la posesión y uso del apartamento y haber dejado de pagar los mantenimientos y contribuciones para todo período señalado y que tal temeridad obligó al recurrido a la presentación del pleito ante el foro primario por lo que le solicitó a dicho foro la imposición de honorarios de abogado.

En respuesta, el 22 de noviembre de 2025, el peticionario presentó *Moción de Desestimación* ante el foro primario.[3] Allí expuso que la demanda de este caso gira en torno al cobro de dos cantidades relacionadas a un contrato suscrito entre las partes; $59,375.96 por alegadas cuotas de mantenimiento no cubiertas desde el mes de abril de 2022 hasta octubre del año 2024 y $22,513.43 por contribuciones sobre la propiedad inmueble para todos los períodos desde el 20 de agosto de 2021 y que los asuntos reclamados en la demanda

---

[3] *Véase* Entrada Núm. 22 de SUMAC TPI en el caso FA2025CV00565.

constituyen cosa juzgada por lo que procedía la desestimación de la misma.

En su solicitud de desestimación ante el TPI, el peticionario señaló además, que las alegadas deudas son derivadas de la misma relación contractual que el primer pleito por lo que las mismas surgían, o pudieron haber surgido, dentro del pleito original y debieron haberse ventilado en aquel procedimiento. Argumentó que al no hacerlo, conforme los principios de cosa juzgada, el recurrido renunció a cualquier derecho relacionado con dichas reclamaciones.

Mediante *Orden* de **23 de noviembre de 2025**, notificada el **24 de noviembre de 2025**, el foro primario declaró *No Ha Lugar* a la *Moción de Desestimación* presentada por el señor Figueroa Irizarry.[4]

En desacuerdo, el 9 de diciembre de 2025, el peticionario solicitó reconsideración al foro primario.[5] Mediante Orden de 10 de diciembre de 2025, el foro primario declaró *No Ha Lugar* la solicitud de reconsideración presentada por el peticionario ante dicho foro.

Inconforme, el peticionario presentó el recurso de epígrafe y señala la comisión de los siguientes errores por parte del foro primario:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE PETICIONARIA.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER UNA SANCIÓN ECONÓMICA A LA REPRESENTACIÓN LEGAL DE LA PARTE PETICIONARIA POR INCUMPLIMIENTO DE LAS ÓRDENES DEL TRIBUNAL, CUANDO EN REALIDAD DICHO INCUMPLIMIENTO NUNCA OCURRIÓ.

---

[4] *Véase* Entrada Núm. 23 de SUMAC TPI en el caso Núm. FA2025000565.
[5] *Véase* Entrada Núm. 23 de SUMAC TPI en el caso FA2025000565.

El 19 de enero de 2026, el recurrido compareció ante nos mediante *Oposición a Expedición de Certiorari*.[6] En esencia, el recurrido sostiene que la petición presentada por el peticionario en su sección sobre Relación de Hechos al párrafo 4, dice que en el juicio celebrado en el caso FA2021CV00640 se desfiló prueba testifical y documental relacionada con pagos efectuados y conceptos asociados al inmueble objeto del litigio, incluyendo partidas correspondientes a cuotas de mantenimiento, **cuando en tal juicio <u>no desfiló prueba alguna</u> sobre cuotas de mantenimiento.**

A esos fines, el abogado que suscribe la *Oposición a Expedición de Certiorari* aclara que fue el abogado que representó al recurrido en el juicio del caso FA2021CV00640 y bajo la responsabilidad que impone la Regla 9.1 de las de Procedimiento Civil, 32 LPRA, Ap.V, R.9.1, expresa y garantiza que en tal juicio no desfiló prueba alguna sobre cuotas de mantenimiento.

El recurrido aclara que, a la fecha de juicio en el caso FA2021CV00640, el peticionario tenía a su favor una escritura que le transfirió el título del dominio sobre el apartamento en Las Casitas del Hotel El Conquistador y que este último era quien, ante el condominio, figuraba como dueño. Por tanto, la cuenta de mantenimiento era del peticionario, quien debió pagar y no lo hizo. Es la contención del recurrido que pagó la suma reclamada y como esa deuda de cuotas persiguen al apartamento procedió a cobrarlas al peticionario en un pleito aparte.

---

[6] *Véase* Entrada Núm. 5 de SUMAC Tribunal de Apelaciones.

Sobre esos extremos, el recurrido arguye que en el presente caso lo resuelto por el foro primario al denegar la solicitud de desestimación presentada por el peticionario obedece a que no procede el planteamiento de cosa juzgada invocado por este. Razona el recurrido que entre los pleitos no hay identidad de cosas ni identidad de causas y que las sumas que se procuran cobrar en el caso que nos ocupa son las que el recurrido pagó por cuotas de mantenimiento y contribuciones territoriales respectivas a momentos en que el peticionario era dueño, debió pagar y no lo hizo.

Arguye el señor García Benítez que el peticionario promueve argumentos de hecho incorrectos. Sobre esos extremos, argumenta el recurrido que en el primer pleito, FA2021CV00640, demandó al peticionario por incumplir con lo pactado en la escritura de compraventa, pero que en este segundo pleito (FA2025CV00565), presentado en el año 2025, el recurrido demandó al peticionario por este haber incumplido con sus deberes de pago de cuotas y contribuciones, lo cual se conoció luego de emitida la sentencia del caso FA2021CV00640. Sostiene el recurrido que *post* sentencia, pagó las sumas adeudadas por el peticionario por dicho concepto, las cuales son objeto de la acción de cobro de dinero en el caso FA2025CV00565 presentada por el señor García Benítez en contra del señor Figueroa Irizarry.

-II-

A. *Certiorari*

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro

inferior. La expedición del auto descansa en la sana discreción del tribunal.[7]

En casos civiles, la Regla 52.1 de Procedimiento Civil,[8] delimita las instancias en las que procede que este Tribunal de Apelaciones expida un recurso de *certiorari*.[9] La citada Regla establece que el recurso sólo se concederá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunction* de la Regla 57, o de la **denegatoria de una moción de carácter dispositivo**. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[10]

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones,[11] señala los criterios que debemos tomar en consideración al evaluar si se debe expedir un auto de *certiorari*, a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de

---

[7] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[8] 32 LPRA Ap. V, R. 52.1.
[9] *Caribbean Orthopedics v. Medshape et al., supra.; Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).
[10] *Id.*
[11] 4 LPRA Ap. XXII-B, R. 40.

la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[12]

Esto nos impone, como foro revisor, la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[13] El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Umpierre Matos v. Juelle, Mejías*, 203 DPR 254 (2019). Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

Por último, es menester puntualizar que la denegatoria del auto de *certiorari* no implica la ausencia de error en el dictamen, cuya revisión se solicita, ni constituye una adjudicación en sus méritos. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 99. En estos casos, la denegatoria es una facultad discrecional, que evita una intervención apelativa a

---

[12] *Id.*
[13] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

destiempo con el trámite pautado por el foro de instancia. Íd. Por tanto, una vez el foro primario dicte sentencia final, la parte afectada ostentará el derecho para presentar el recurso apelativo correspondiente. Íd. págs. 98-99.

-III-

En el recurso ante nuestra consideración, el peticionario cuestiona la actuación del foro primario de no acoger los fundamentos que expuso en su solicitud de desestimación de la demanda, en la que este invocó la aplicación de la doctrina de cosa juzgada y proceder a denegar su solicitud de desestimación.

Ahora bien, en esta etapa de los procedimientos, nos corresponde resolver si el foro primario actuó arbitrariamente o en exceso de su discreción al negarse a desestimar la demanda, al amparo de la Regla 10.2, *supra.* Los estándares de revisión antes esbozados establecen los parámetros para los tribunales apelativos revisar decisiones del foro primario. Establecidos dichos estándares de revisión correspondían al peticionario esbozar fundamentos que establecieran con certeza si el TPI excedió los parámetros legales o no consideró el derecho aplicable, así como la presencia de los factores o criterios que emanan de la normativa antes expuesta que justifican nuestra intervención con la Orden recurrida.

Expuesto el marco jurídico, tras evaluar los argumentos presentados por las partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Si bien el peticionario recurre de la denegatoria de una moción de carácter dispositivo, al amparo de los

criterios que guían el ejercicio de nuestra discreción establecidos en la Regla 40 de nuestro Reglamento, no se justifica nuestra intervención con la Orden recurrida.

En el presente caso, el peticionario no ha demostrado que el foro primario se excediera en el ejercicio de su discreción, ni que incidiera en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos.

Tras un examen cuidadoso del recurso de epígrafe, y el derecho aplicable, concluimos que el peticionario no nos ha puesto en posición de determinar que el foro primario actuó arbitrariamente o en exceso de su discreción al denegar la moción de carácter dispositivo presentada por este ante dicho foro. Ante ese escenario, somos del criterio que en el presente caso procede denegar el recurso de *certiorari*.

-IV-

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Resolución, denegamos la expedición del auto de *certiorari* solicitado por el peticionario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*